# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| ECOFACTOR, INC., <br><br> Plaintiff, <br><br> v. <br><br> ECOBEE, INC., <br><br> Defendant. | Case No. 6:20-cv-00078-ADA |

**PLAINTIFF ECOFACTOR, INC.'S OPPOSITION TO DEFENDANT ECOBEE, INC.'S MOTION TO STRIKE ALLEGEDLY NEW INFRINGEMENT THEORIES IN THE EXPERT REPORT OF ROBERT ZEIDMAN [DKT. NOS. 85, 90]**

██████████████████████████████

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION .................................................................................................................. 1

II. ARGUMENT ........................................................................................................................ 1

    A. ecobee Had Sufficient Notice of EcoFactor's Infringement Theory for the '382 Patent and Was Not Unfairly Surprised by Mr. Zeidman's Description of Geo-fencing as an Exemplary Occupancy Detection Method ....................................................................... 1

    B. ecobee Had Sufficient Notice of EcoFactor's Infringement Theories Under the Doctrine of Equivalents ................................................................................................. 9

III. CONCLUSION ................................................................................................................... 10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Digital Reg. of Tex., LLC v. Adobe Sys. Inc.*,
 No. CV 12-01971, 2014 WL 1653131 (N.D. Cal. Apr. 24, 2014) ............................................. 9

*Mobile Telecomms. Techs., LLC v. Blackberry Corp.*,
 No. 3:12-CV-1652, 2016 WL 2907735 (N.D. Tex. May 17, 2016) ....................................... 1, 9

*Pisony v. Commando Constructions, Inc.*,
 No. 6:17-CV-00055-ADA, 2020 WL 4934463 (W.D. Tex. Aug. 24, 2020) ......................... 1, 10

**I.     INTRODUCTION**

ecobee asks the Court to strike several opinions of EcoFactor's infringement expert but lacks the legal and factual basis needed to support its request. EcoFactor's contentions provided adequate notice of EcoFactor's infringement theories, and Mr. Zeidman's opinions merely provide greater specificity, based on his analysis of discovery provided by ecobee. As detailed further below, ecobee repeatedly omits key facts demonstrating its claims of prejudice are unfounded.

**II.    ARGUMENT**

EcoFactor's infringement contentions provided ecobee with sufficient notice of EcoFactor's infringement theories, as applied by Mr. Zeidman in his expert report. *See Pisony v. Commando Constructions, Inc.*, No. 6:17-CV-00055-ADA, 2020 WL 4934463, at *1 (W.D. Tex. Aug. 24, 2020), *reconsideration denied*, No. 6:17-CV-00055-ADA, 2020 WL 6586253 (W.D. Tex. Nov. 10, 2020) ("Ultimately, '[t]he critical question in deciding whether to strike portions of an expert report … is whether the expert has permissibly specified the application of a disclosed theory or impermissibly substituted a new theory altogether.'" (quoting *Mobile Telecomms. Techs., LLC v. Blackberry Corp.*, No. 3:12-CV-1652, 2016 WL 2907735, at *1 (N.D. Tex. May 17, 2016)).

> **A.    ecobee Had Sufficient Notice of EcoFactor's Infringement Theory for the '382 Patent and Was Not Unfairly Surprised by Mr. Zeidman's Description of Geo-fencing as an Exemplary Occupancy Detection Method**

EcoFactor's infringement contentions specifically identified ecobee's "Smart Home and Smart Away" (aka "Smart Home & Away") feature as meeting claim element 1[h] of the '382 patent. *See* Mot. Ex. D (EcoFactor Contentions) at 80. The same is true of Mr. Zeidman's expert report, which states that "the ecobee accused products all support ecobee's Smart Home & Away feature, which leverages one or more occupancy detection methods to determine when the

1

occupancy of the home does not match the active Comfort Setting." *See* Mot. Ex. A (Zeidman Rpt.) ¶ 284. In other words, Mr. Zeidman's opinion on claim element 1[h] identifies the exact same ecobee product feature (i.e., Smart Home & Away) that is identified as infringing claim element 1[h] in EcoFactor's contentions. This shows that ecobee had sufficient notice of EcoFactor's infringement theory for this claim element—EcoFactor consistently identified the accused feature by name since the outset of the case.

The accused Smart Home & Away feature detects occupancy in at least three ways. The first two ways involve an occupancy sensor, located either inside the thermostat itself or inside a separate ecobee SmartSensor. Those two applications of Smart Home & Away occupancy detection are discussed in EcoFactor's contentions, as ecobee acknowledges. *See* Mot. at 2. Mr. Zeidman's report discusses those two methods of occupancy detection as well as a third that utilizes geo-fencing. ecobee characterizes this as a completely different infringement theory (*see, e.g.*, Mot. at 4-7), but it simply is not. EcoFactor has consistently accused ecobee's Smart Home & Away feature as infringing claim element 1[h] of the '382 patent. Mr. Zeidman's report simply provides further detail about applications of that feature, one of which uses the geo-fencing method of occupancy detection.

Besides ignoring the fact that geo-fencing is part of the same Smart Home & Away feature that EcoFactor has identified as infringing since the outset of the case, ecobee omits other key facts showing its claims of prejudice are disingenuous. As one example, ecobee fails to acknowledge that Mr. Zeidman relies on the same source code file (█████████████) to show that all three methods of occupancy detection (thermostat sensor, SmartSensor, and geo-fencing) are used by the accused Smart Home & Away feature. *See, e.g.*, Mot. Ex. A (Zeidman Rpt.) ¶ 293 (referring to "████ ███ ███ functionality" implemented in

██████████████████████████████

██████████████); *id.* ¶ 288 (explaining that "the '█████████████████

████████████████████████████████████████'—that is, the geo-fencing functionality of eco+ that is used for Smart Home & Away users who have enabled eco+ geo-fencing" (quoting Ex. 1[1] (9/9/2021 Malchiondo Tr.) at 302:2-17)).

As another example, whether intentionally or not, ecobee's response to EcoFactor's interrogatory seeking non-infringement contentions was misleading in its description of how the accused products detect occupancy. ecobee's Motion does not dispute that its products support the three methods of occupancy detection identified by Mr. Zeidman as part of Smart Home & Away; ecobee merely argues that EcoFactor only identified two of the methods as infringing in its contentions and then later identified geo-fencing as a third method in Mr. Zeidman's report. But in its January 22, 2021 response to EcoFactor's Interrogatory No. 3 (which sought "all bases for any contention that any Accused Product accused of infringing any of the Asserted Patents does not infringe any asserted claim of that patent"), ecobee stated: "████████████

████████████████████████████████████████████████████████████████." Ex. 2 (ecobee's Resps. to EcoFactor's First ROGs) at 8 (emphasis in original).[2,3] In other words, ecobee explicitly represented to EcoFactor that █████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

█████████████. At minimum, this shows that ecobee's claims of prejudice are disingenuous because, if anything, it is EcoFactor who was prejudiced by this misleading discovery response.

---

[1] Numbered exhibits to this Opposition are attached to the contemporaneously filed Declaration of Kristopher R. Davis. Lettered exhibits were attached to ecobee's Motion.
[2] To clarify, this portion of ecobee's interrogatory response related to the '492 patent that is no longer asserted here, but ecobee explained in the following section of its response that its same reasoning applies to the related '382 patent. *See id.* at 11.
[3] All emphasis in quoted material has been added unless otherwise noted.

3

▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅

Furthermore, ecobee is simply wrong in its argument that EcoFactor knew that it should have identified geo-fencing in its contentions because of testimony given by ecobee co-founder Mark Malchiondo on June 5, 2020. Tellingly, ecobee does not quote this testimony in its Motion (*see* Mot. at 5), as it does not support ecobee's argument, and ecobee omits the portion of Mr. Malchiondo's testimony in which he states ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅. Below is Mr. Malchiondo's testimony on geo-fencing—in that different litigation with different patents and a different accused feature, "Smart Recovery":

▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅
▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅
▅▅▅
▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅
▅▅▅▅▅▅▅▅
▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅
▅▅▅▅▅▅▅
▅▅▅▅▅▅▅▅▅▅
▅▅▅▅▅▅▅▅▅▅▅▅▅
▅▅▅▅▅▅▅▅▅▅▅▅▅▅
▅▅▅▅▅▅▅▅▅▅▅▅▅
▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅
▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅
▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅
▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅

Mot. Ex. H at 130:2-131:10. ecobee's argument that this informed EcoFactor of how geo-fencing is used in the accused Smart Home & Away feature is frankly ridiculous. Not only was Mr. Malchiondo not asked about that product feature, but when he was invited to identify ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

ecobee also argues that EcoFactor's filing of an April 28, 2021 complaint referencing public documentation on geo-fencing indicates that EcoFactor should have supplemented its contentions here as of that date to explicitly refer to geo-fencing. *See* Mot. at 5-6. Again, EcoFactor already had disclosed Smart Home & Away as the infringing feature from the outset, regardless of the specific application of occupancy detection used within the Smart Home & Away feature. In any event, ecobee again omits key facts. The claim element at issue in that other complaint explicitly recites "geo-positioning data from the location-aware mobile device," whereas claim element 1[h] of the '382 patent at issue here does not specify anything about geo-positioning data. Nor do the citations referenced by ecobee indicate that the geo-fencing functionality being referenced is part of ecobee's Smart Home & Away feature (i.e., the feature accused of infringing claim element 1[h]). In other words, this complaint—again in another litigation involving different patents and claim elements—merely shows that EcoFactor was aware of information on ecobee's website describing the use of geo-fencing generally, but none of the citations refer to the accused Smart Home & Away feature.

In reality, the relationship between geo-fencing and Smart Home & Away was first explained to EcoFactor in Mr. Malchiondo's **September 9, 2021** deposition—nearly eight months after ecobee's interrogatory response stating that ecobee ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Ex. 2 (ecobee's Resps. to EcoFactor's First ROGs) at 8 (emphasis in original). At that deposition, Mr. Malchiondo gave the following testimony:

5



Ex. 1 (9/9/2021 Malchiondo Tr.) at 291:8-295:13 (objections omitted).

This testimony revealed to EcoFactor that the long-accused Smart Home & Away feature ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Mr. Malchiondo went on to

6



reveal that the ▉

*Id.* at 301:16-302:17; *see also id.* at 300:8-17 (confirming that ▉ "implements the Smart Home and Away feature"); Mot. Ex. A (Zeidman Rpt.) ¶ 288 (citing Mr. Malchiondo's 9/9/2021 deposition testimony as evidence of the geo-fencing method of occupancy detection for Smart Home & Away).

Critically, this testimony from Mr. Malchiondo was given only days before Mr. Zeidman's report was served on September 27. If EcoFactor immediately sought leave to amend its contentions after Mr. Malchiondo's deposition, ecobee would have received this amendment—at most—only two weeks before it received Mr. Zeidman's report. ecobee can hardly claim prejudice based on not having a few additional days with EcoFactor's explicit

7

assertions about geo-fencing, particularly where Mr. Malchiondo's September 9, 2021 testimony and EcoFactor's questioning on geo-fencing at that deposition (which covered multiple patents but only one—the '382 patent—relating to the Smart Home & Away feature) provided more than clear notice that the geo-fencing occupancy detection method would be included in Mr. Zeidman's report on the '382 patent.

ecobee's claim that it "would have also conducted additional prior art searches directed to the geo-fencing functionality" (Mot. at 7) is similarly disingenuous. In reality, ecobee's invalidity expert report—served the same day as Mr. Zeidman's report—repeatedly discusses geo-fencing as supporting the expert's invalidity opinions. *See, e.g.*, Ex. 3 (Williams Rpt.) ¶¶ 76 (discussing "use of various types of sensors and **geofences** to determine home vs. away/occupied vs. not occupied status"), ¶ 110 (section heading stating "[t]he ability to determine occupancy status using sensors and **geofences** have been known well before the asserted patents"), ¶ 111 (referring to "use of geospatial **geofences**" as a "way[] of detecting occupancy or occupancy-related parameters prior to the asserted patents"), ¶ 112 (quoting "**Geo-Fencing**" discussion in alleged prior art reference). ecobee was not deprived of any opportunity to identify geo-fencing art as allegedly invalidating; it already did so without having seen Mr. Zeidman's report.

In summary, EcoFactor has consistently identified the Smart Home & Away feature as accused of infringing claim element 1[h], and Mr. Zeidman's discussion of another exemplary way in which occupancy is detected for use in Smart Home & Away is not a new infringement theory that now must be stricken. Moreover, to the extent ecobee suffered any surprise, it was a result of ecobee's own misleading interrogatory response that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Ex. 2 (ecobee's Resps. to EcoFactor's First

ROGs) at 8 (emphasis in original). It was only revealed two weeks before the deadline for Mr. Zeidman's report—at the September 9, 2021 deposition of Mr. Malchiondo—that ███████████████████████████████████████████████████████████. If anyone was unfairly surprised, it was EcoFactor, leaving no basis to strike Mr. Zeidman's opinions. *See, e.g.*, *Mobile Telecomms.*, 2016 WL 2907735, at *3 (denying motion to strike where "infringement contentions generally accuse[d] BlackBerry's messaging infrastructure, without specifically identifying either MDP or RCP" protocols disclosed during discovery, and noting that the expert "refined his opinions based on the discovery produced, but did not materially change the infringement theory") (citing *Digital Reg. of Tex., LLC v. Adobe Sys. Inc.*, No. CV 12-01971, 2014 WL 1653131 (N.D. Cal. Apr. 24, 2014)).

      **B.**     **ecobee Had Sufficient Notice of EcoFactor's Infringement Theories Under the Doctrine of Equivalents**

ecobee also argues certain of Mr. Zeidman's Doctrine of Equivalents ("DOE") opinions must be struck.[4] Mot. at 8-9. These arguments are similarly unsupported.

It is undisputed that EcoFactor's contentions provided notice that EcoFactor contended DOE infringement for all claim elements. *See* Mot. Ex. B at 4 ("To the extent literal infringement of a claim element is not found, EcoFactor also contends that the claim element is infringed or has been infringed under the Doctrine of Equivalents."). While ecobee characterizes this as improper "boilerplate," it cites no authority from this District establishing that such a disclosure is improper. *See* Mot. at 9. Instead, ecobee points exclusively to cases from the Eastern District of Texas, which requires a specific identification of "[w]hether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents

---

[4] One such opinion relates to '382 claim element 1[d], which ecobee's rebuttal expert report indicates is undisputed. *See* Ex. 4 (Souri Reb. Rpt.). It is unclear what purpose would be served by striking a DOE opinion on a claim element for which literal infringement is not disputed.

9

in the Accused Instrumentality." *See* E.D. Tex. P.L.R. 3-1. This is not a rule of this District, nor is it a requirement of the Court's Standing Order Governing Proceedings in Patent Cases.

Given ecobee's vague (and, as discussed above, at times inaccurate) response to EcoFactor's Interrogatory No. 3 seeking ecobee's non-infringement contentions, it would be unreasonable to expect EcoFactor to head off all possible non-infringement arguments ecobee might raise with detailed DOE counterarguments. As one example, ecobee challenges Mr. Zeidman's DOE opinion for '382 claim element 1[j]. Mot. at 8. ecobee's interrogatory response includes no contention that ecobee does not infringe because the integrated processor in an ecobee accused thermostat does not communicate directly with ecobee's remotely located, server-side memory. *See* Ex. 2. Mr. Zeidman's report makes clear that his DOE opinion for this claim element is premised upon such a non-infringement argument being raised by ecobee. Mot. Ex. A (Zeidman Rpt.) ¶ 309 ("***If such a non-infringement argument were accepted*** for purposes of literal infringement, the ecobee accused products would nonetheless also meet this claim element under the ***Doctrine of Equivalents*** … ."). While Mr. Zeidman anticipated this one (frankly absurd) non-infringement argument without prior notice, EcoFactor cannot reasonably be expected to preemptively counter all possible arguments of no literal infringement with disclosures of detailed DOE arguments. ecobee identifies no law or rule imposing such a requirement, nor does ecobee specify legitimate prejudice resulting from the timing of Mr. Zeidman's opinions—only vague assertions about how it "would have conducted additional prior art searches" on unspecified topics. Mot. at 9. These arguments cannot support the relief ecobee seeks, given that the purpose of contentions is to streamline discovery and EcoFactor disclosed its intent to rely upon the Doctrine of Equivalents. *See, e.g.*, *Pisony*, 2020 WL 4934463, at *4.

### III.   CONCLUSION

For the foregoing reasons, ecobee's Motion should be denied.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

|  |  |
|---|---|
| Date:  December 3, 2021 | Respectfully submitted,<br><br>/s/ *Reza Mirzaie*<br>Reza Mirzaie<br>Marc A. Fenster<br>Paul A. Kroeger<br>James N. Pickens<br>Kristopher R. Davis<br>Minna Y. Chan<br>Matthew Aichele<br>Adam S. Hoffman<br>RUSS AUGUST & KABAT<br>12424 Wilshire Boulevard 12th Floor<br>Los Angeles, California 90025<br>Tel: 310-826-7474<br>rak_ecofactor@raklaw.com<br><br>*Attorneys for Plaintiff EcoFactor, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record have been served electronically on December 3, 2021.

/s/ *Reza Mirzaie*